IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AL KENNETH SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:11cv586-WHA |
| | ) |
| LOWNDES COUNTY, et al., | )          (wo) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #5), filed by Defendant Lowndes County. The Plaintiff, Al Kenneth Scott, filed a Complaint bringing claims against Lowndes County, former Sheriff Charlie Williams, former Investigator Derrick Maull, and former Chief Deputy Lenny Lee, as well as an unnamed insurer of Lowndes County.

The facts of the case arise out a sale of a truck to a third-party, and the Defendants' failure to return the truck to the Plaintiff. The federal claims asserted are brought pursuant to 42 U.S.C. § 1983, and include failure to enforce the law, unreasonable seizure, violation of due process, and failure to intervene. The state law claims are for conversion and trespass to chattels.

Defendant Lowndes County has moved to dismiss the claims against it on the ground that Lowndes County is not a proper party because it cannot be held vicariously liable for the acts of the sheriff, deputies, or investigator.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

**II. MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _, 129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.* (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  DISCUSSION

Under Alabama law, sheriffs are state, and not county, officers. *See, e.g., Parker v. Amerson*, 519 So.2d 442, 442 (Ala.1987).  "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." *McMillian v. Monroe County*, 520 U.S. 781, 793 (1997).  Because deputy sheriffs are alter egos of sheriffs, they, like sheriffs, have sovereign immunity, such that a county cannot be vicariously liable for their actions. *Hereford v. Jefferson County*, 586 So.2d 209, 210 (Ala. 1991).

While Lowndes County asserts the state officer status of sheriffs and sheriff deputies as a

basis for its dismissal in this case, Lowndes County cites no authority for the proposition that it cannot be held liable for actions taken by an investigator.  In addressing the question of whether immunity applies to jailers, the Supreme Court of Alabama noted as follows:

> as the Court of Appeals for the Eleventh Circuit explained in *Terry v. Cook*, 866 F.2d 373, 378 (11th Cir. 1989), the positions appointed by a sheriff of clerk, investigator, dispatcher, jailer, and process server 'traditionally revolve around limited objectives and defined duties and do not require those holding them to function as the alter ego of the sheriff . . . .'

*Ex parte Shelley*, 53 So. 2d 887, 896 (Ala. 2009).   The Supreme Court of Alabama concluded that the jailer in *Ex parte Shelley* was not an alter ego of the sheriff.  *Id.*  The court further stated that it declined to extend state law immunity beyond sheriffs and deputy sheriffs.  *Id.*

In this case, one of the defendants in the case has been identified in the Complaint as an investigator, rather than as a deputy sheriff.  At this stage in the case, therefore, because the only basis for dismissal is that the County has been sued for the actions of a sheriff, deputy, and investigator, but an investigator has not been held as a matter of law to be a state official, the Motion to Dismiss is due to be DENIED.   The County may again raise the issue of the investigator's classification as a state official after factual development in the case, should the County choose to do so.

## IV.  CONCLUSION

For the reasons discussed, the Motion to Dismiss Lowndes County is due to be and is hereby ORDERED DENIED.

Done this 23rd day of August, 2011.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON

3

SENIOR UNITED STATES DISTRICT JUDGE