IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AL KENNETH SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:11cv586-WHA |
| ) | |
| LOWNDES COUNTY, CHARLIE (CHIP) ) | (wo) |
| WILLIAMS, DERRICK MAULL; AND ) | |
| LENNY LEE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on a Motion for Reconsideration (Doc. #13), filed by Defendant Lowndes County.

The Plaintiff, Al Kenneth Scott ("Scott"), filed a Complaint bringing claims against Lowndes County, former Sheriff Charlie Williams, former Investigator Derrick Maull, and former Chief Deputy Lenny Lee, as well as an unnamed insurer of Lowndes County.

Lowndes County sought dismissal, stating that it could not be held liable for the acts of the individual Defendants.

In ruling on the original Motion to Dismiss, the court agreed that claims against a sheriff and deputy sheriff could not be the basis for liability of a county. *See* Doc. #12. The court hesitated to conclude, however, that Scott could not establish a basis for liability on the part of Lowndes County for claims against Investigator Derrick Maul ("Maul") without some factual development in the case. This hesitation was based on the Supreme Court of Alabama's recent decision clarifying that the immunity analysis which applies to sheriffs and sheriff deputies does not apply to jailers, and in that discussion, equating jailers with others, including investigators.

*See Ex parte Shelley*, 53 So. 3d 887, 896 (Ala. 2009).   This court, therefore, denied the motion, stating that Lowndes County could again raise the issue of the investigator's classification after factual development in the case.

Lowndes County points out that the Alabama Court of Civil Appeals has held that deputy sheriffs are not county employees, for purposes of benefits disputes.  *Blount County Com'n v. Sherrell*, No. 2090266, 2010 WL 2663047 (Ala. Civ. App. June 25, 2010) (*citing Hooks v. Hitt*, 539 So. 2d 157 (Ala. 1988)).  Lowndes County asks the court to analogize in this case, and find that Lowndes County is not responsible for the actions of a sheriff's investigator.

In response, Scott appears to concede that Maull, the Investigator identified in this case, was employed by the Sheriff.  Doc. #15, p.2.  Scott simply continues to take the position that sheriffs are county officials.   Sheriffs, however, are state officials as a matter of law.  *Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987).

For Scott to establish vicarious liability of Lowndes County for state law claims, or a policy or custom of Lowndes County for liability for a constitutional violation, *see West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007), Maull would have to have been employed by Lowndes County.   If, as it appears, Scott concedes that Maull was employed by the Sheriff, and there is no other basis alleged for holding Lowndes County liable, the court agrees that further factual development is not required, and Lowndes County should be dismissed as a Defendant.  To the extent that Scott contends some other avenue of liability exists, the court will give him an opportunity to amend his Complaint to state a factual basis for such liability.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion for Reconsideration (Doc. #13) is GRANTED to the extent that Lowndes County is DISMISSED without prejudice.

      2.  The Plaintiff is given until **September 19, 2011** to file an Amended Complaint which states a factual basis for liability on the part of Lowndes County which is different from the mere reliance on the individual defendants' status as deputies and investigators, if the Plaintiff can do so within the strictures of Rule 11 of the *Federal Rules of Civil Procedure*.  Any amendment must be complete unto itself in accordance with Rule 15.1 of the M.D. Ala. Local Rules.

      3.  If no Amended Complaint is filed on **September 19, 2011**, Lowndes County will be dismissed with prejudice.

      Done this 8th day of September, 2011.

                                    /s/ W. Harold Albritton
                                    W. HAROLD ALBRITTON
                                    SENIOR UNITED STATES DISTRICT JUDGE