IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AL KENNETH SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:11cv586-WHA |
| | ) |
| LOWNDES COUNTY, et al., | )           (wo) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  BACKGROUND AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #18), filed by Defendant Lowndes County.  The Plaintiff, Al Kenneth Scott ("Scott"), filed an Amended Complaint (Doc. #17) bringing claims against Lowndes County, former Sheriff Charlie Williams, former Investigator Derrick Maull, former Chief Deputy Lenny Lee, and an unnamed insurer of Lowndes County pursuant to this court's September 8, 2011, order (Doc. #16).  That order granted Scott time "to file an Amended Complaint which *states a factual basis for liability on the part of Lowndes County which is different from the mere reliance on the individual defendants' status as deputies and investigators*." Doc. #16 at 3 (emphasis added).

The facts of the case arise out a sale of a truck to a third-party, and the Defendants' failure to return the truck to Scott.  The federal claims asserted are brought pursuant to 42 U.S.C. § 1983, and include failure to enforce the law, unreasonable seizure, violation of due process, and failure to intervene.  The state law claims are for conversion and trespass to chattels.  Scott added a new count in his Amended Complaint which states that Lowndes County was negligent in its hiring, training, supervision, and retention of Defendant Maull.  However, Lowndes

County argues that it is still not a proper party given the facts as alleged in the Amended Complaint.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.*  (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  DISCUSSION

The only issue for this court to decide is whether Scott's Amended Complaint alleges any new facts which demonstrate that Lowndes County was responsible for Defendant Maull's actions.  With the exception of Count G, the Amended Complaint is identical to the original

2

Complaint. Count G adds some conclusory statements in an attempt to support a §1983 claim against Lowndes County, alleging negligent hiring, training, supervision, and retention of Maull.

Instead of providing support for the claim that Lowndes County is responsible for Defendant Maull, the factual allegations from Count G demonstrate Scott's belief that Lowndes County was responsible for the County Sheriff's Office which was responsible for Maull. More specifically, in Count G, Scott references Defendants Maull and Lee not as Lowndes County's employees but rather as "employees of the Lowndes County Sheriff's Office". Furthermore, Count G alleges that Lowndes County has implicitly sanctioned the behavior of the Lowndes County Sheriff's office by continuing to compensate the Sheriff's employees and by not terminating the Sheriff's employees. Therefore, as with the original Complaint, Scott relies on the theory that Lowndes County is responsible for the actions of the Lowndes County Sheriff's Office.

As this court explained in its September 8, 2011, order, "[f]or Scott to establish vicarious liability of Lowndes County for state law claims, or a policy or custom of Lowndes County for liability for a constitutional violation, *see West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007), Maull would have to have been employed by Lowndes County. If, as it appears, Scott concedes that Maull was employed by the Sheriff, and there is no other basis alleged for holding Lowndes County liable, the court agrees that further factual development is not required, and Lowndes County should be dismissed as a Defendant." Doc. #17 at 2. Having considered the Amended Complaint, this court finds that Scott has alleged no facts to justify treating Maull as a Lowndes County employee instead of a Sheriff's employee. Accordingly, Lowndes County is due to be

dismissed as a party.

## IV.  CONCLUSION

For the reasons discussed, the Motion to Dismiss Lowndes County is hereby GRANTED. All claims against Lowndes County are DISMISSED with prejudice, and Lowndes County is DISMISSED as a party Defendant.

The court notes that the other three named Defendants have never been served with Summons and Complaint since this suit was filed on July 21, 2011.  The Plaintiff is DIRECTED to perfect service on each of the other Defendants **no later than November 18, 2011**.  Claims against any Defendant not served by then will be dismissed pursuant to Rule 4(m), *Fed.R.Civ.P.*

Done this 27th day of October, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE